**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN OLIVER SNOW, | No. 18-16577 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00290-RCJ-VPC |
| v. | |
| DAVID MAR; E.K. McDANIEL, Warden, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted November 18, 2019**

Before:     CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Nevada state prisoner John Oliver Snow appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo the district court's summary judgment and decision on

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

qualified immunity. *Long v. City & County of Honolulu*, 511 F.3d 901, 905 (9th Cir. 2007). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment for defendant Dr. Mar on the basis of qualified immunity because it would not have been clear to every reasonable official that the course of Dr. Mar's treatment of Snow's medical conditions was unlawful under the circumstances. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks and alterations omitted)).

Summary judgment was proper for defendant McDaniel because Snow failed to raise a genuine dispute of material fact as to whether McDaniel personally participated in the alleged deprivation of Snow's rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires showing of personal participation in the alleged rights deprivation).

The district court did not abuse its discretion by denying Snow's motions for appointment of counsel because Snow failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and factors for appointment of counsel).

18-16577

The district court did not abuse its discretion by denying Snow's motion for appointment of expert witnesses or an investigator because the district court's qualified immunity determination did not require analysis of technical evidence or complex issues and there is no statutory authorization for a court-appointed investigator for civil litigants proceeding in forma pauperis. *See* Fed. R. Evid. 706 (governing court-appointed expert witnesses); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.7 (9th Cir. 2002) (district court's decision whether to appoint an expert is discretionary). We reject as without merit Snow's contention that the district court issued a medical opinion.

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990). Nor do we consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motion to strike certain exhibits to Snow's reply brief (Docket Entry No. 28) is denied.

**AFFIRMED.**